NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

JAMES LEWIS DIXIE,

Plaintiff - Appellant,

v.

J. AMARILLAS, Correctional Officer, in individual capacity and official capacity; P. WARD, Correctional Sergeant, in individual capacity and in official capacity; S. POINDEXTER, Correctional Officer, in individual capacity and in official capacity; J. GOMEZ, Office Assistant CMC, in individual capacity and in official capacity,

Defendants - Appellees.

No. 23-3985

D.C. No.
2:20-cv-04287-JLS-DFM

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted February 13, 2026[**]

Before: O'SCANNLAIN, SILVERMAN, and RAWLINSON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James Dixie appeals from the district court's grant of summary judgment in favor of the defendants in his prisoner civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment de novo, *Chinaryan v. City of Los Angeles*, 113 F.4th 888, 897 (9th Cir. 2024), and affirm.

The district court did not abuse its discretion by denying Dixie's untimely requests for discovery. Dixie has not established that he was diligent or identified facts that existed and would have prevented summary judgment. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996) (setting forth the standard).

The district court did not err in denying Dixie's motion to strike Defendant Poindexter's declaration. The district court does not make credibility determinations when it rules on summary judgment motions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The district court acted within its discretion when it denied Dixie's motion to appoint a handwriting expert under Federal Rule of Evidence 706. This case does not involve "complex scientific, medical or technical matters" that would require an independent expert to assist the trier of fact. *See Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) (noting that "[a] Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters.").

Summary judgment was proper on the First Amendment retaliation claims

alleged against Defendants Amarillas and Ward. Dixie did not offer sufficient evidence to create a genuine issue of material fact about whether Amarillas failed to advance a legitimate correctional goal when she sent him away from an unassigned area. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (requiring that the plaintiff establish that the defendant's "action did not reasonably advance a legitimate correctional goal"). Defendant Ward is not liable merely because he supervised Amarillas. *See Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (setting forth the standard).

The district court properly granted summary judgment on the California Bane Act claim alleged against Defendant Ward. Dixie failed to offer sufficient evidence to establish that Ward acted with specific intent to violate Dixie's constitutional right. *See Chinaryan*, 113 F.4th at 907 (setting forth the standard).

Summary judgment was proper on the conspiracy claim. Dixie's belief of a conspiracy to retaliate, without personal knowledge of facts to show a conspiracy, is insufficient to create an issue of fact. *Taylor v. List*, 880 F.2d 1040, 1045 n.3 (9th Cir. 1989).

Appellant's motion to expedite (Dkt. Entry No. 27), motion for summary disposition (Dkt. Entry No. 26) and motion for miscellaneous relief (Dkt. Entry No. 23) are DENIED as moot.

**AFFIRMED.**